# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Daniel Manuel Rodriguez** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:11CR02158-001JB**<br>USM Number: **41186-051**<br>Defense Attorney: **Kimberly Middlebrooks, Appointed** |

THE DEFENDANT:

☒  pleaded guilty to count(s) **Indictment**
☐  pleaded nolo contendere to count(s)  which was accepted by the court.
☐  after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 922 (g)(1) and 924(a)(2) | Felon in Possession of a Firearm and Ammunition | 07/27/2011 | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count .
☐  Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**July 6, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**December 4, 2012**
Date Signed

Defendant: **Daniel Manuel Rodriguez**
Case Number: **1:11CR02158-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **30 months**.

**Defendant Daniel M. Rodriguez` base offense level is 20. The Court applied a 2-level adjustment pursuant to U.S.S.G. § 2K2.1(b)(4)(A), because the Smith and Wesson revolver Rodriguez possessed had been entered into the National Crime Information Center record as stolen. The Court granted a 2-level decrease to Rodriguez` offense level, pursuant to U.S.S.G. § 3E1.1(a), because Rodriguez demonstrated an acceptance of responsibility for the offense, to come to Rodriguez` total offense level of 20. Rodriguez` criminal history is category III. His advisory guidelines sentence is 41 to 51 months.**

**The Court believes that a sentence of 30 months imprisonment, with two years supervised release, adequately reflects the seriousness of the crime that Rodriguez has committed and will promote respect for the law, provide just punishment, and afford adequate deterrence. While the sentence varies from the suggested range under the Sentencing Guidelines, it is a more reasonable sentence and more faithfully promotes the sentencing goals Congress laid down in 18 U.S.C. § 3553(a).**

**The Court has carefully considered the parties` arguments in this case and Rodriguez` circumstances. The Court has identified a number of factors weighing in favor of varying downward, including: (i) under the facts surrounding the incident, there was no violence or serious potential violence in Rodriguez` possession of a firearm; (ii) Rodriguez possessed the gun not with any malicious intent, but rather for safety and protection -- although he has been stripped of the right to do so in our society; (iii) Rodriguez has substantial mental health issues which, the Court believes, contributed to some diminished capacity in his commission of the offense; (iv) the report of Dr. Moss Aubrey, Ph.D., a forensic psychologist, indicates that he believes Rodriguez` mental health problems can improve with treatment; (v) incarceration may cause problems and actually deteriorate his mental condition, because Dr. Aubrey opines that the longer Rodriguez is housed with an antisocial element, the more at risk he will be for continued problems; (vi) judging by the amount and nature of letters that his family members submitted, Rodriguez has a substantial support system in place to help him recover after his release; and (vii) Rodriguez appears to have a good relationship with his child, which, studies have shown, can reduce the probability of recidivism. Nevertheless, there are also a number of factors that counsel against a variance in Rodriguez` case. The factors include: (i) the inherent danger that possession of a gun in a public place, especially by a convicted felon, presents to the public; (ii) Dr. Aubrey`s report discloses a moderate-high risk of potential recidivism, placing Rodriguez, among defendants that have come before the Court, within the highest potential recidivism rate the Court sees; (iii) Dr. Aubrey`s report does not state that he believes this potential for recidivism can be reduced to a low risk rate; and (iv) particularly troubling for the Court is the high speed car chase which ensued when officers attempted to arrest Rodriguez in his previous felony conviction.**

**The great number of factors for a variance that Rodriguez` case presents, and that Rodriguez was carrying the firearm for his own protection after having been shot at while at work, make his case somewhat different than other felon-in-possession cases that come before the Court. The Court has dealt with, however, many defendants who have psychological problems. While the Court does not believe that the circumstances which Rodriguez contends compelled him to possess a firearm, or Rodriguez` mental problems, justify departures, because he still remains in the heartland of cases, the Court concludes that a variance of about three offense levels is appropriate to reflect these factors and the other factors that the Court has identified as justifying a variance. Rodriguez also seems to have substantial family ties and support, which indicates that he has an understanding of the importance of his role in the family as a relative. Notably, Rodriguez has a three-year-old daughter from a previous relationship. Although his relationship with his daughter`s mother ended six months before Rodriguez` arrest, making it hard for Rodriguez to remain in close contact with his daughter, he had reestablished a relationship with his daughter just before his arrest and was seeing her two to three times per week, in addition to providing child support payments. Rodriguez` family ties thus make him a better candidate for rehabilitation than other defendants before the Court. Dr. Aubrey`s report notes that isolation in an antisocial environment for a long period will not help and will possibly exacerbate his psychological problems. A shorter sentence will get him sooner into supervised release, allowing him constant social contact and a full-time relationship with his child. The conditions the Court will impose as part of supervised release will help him address his mental illnesses.**

**The Court notes that Rodriguez asserts he possessed a firearm for personal safety and acquired the handgun only after having been shot at by an unknown person while working. The Court also notes, however, that Congress has foreclosed Rodriguez` ability to protect himself in such a manner once he became a convicted felon. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. Other conditions that the Court will**

require as part of supervised release will also provide Rodriguez with some needed education, training, and care to prevent these problems from reoccurring, particularly those related to his psychological problems. This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). This 30-month sentence is still a serious sentence, which is why the Court believes the sentence reflects the seriousness of the offense and promotes respect for the law. This variance will not create unwarranted sentencing disparities among similarly situated defendants; the variance can be justified by considering the circumstances Rodriguez believed compelled him to possess a handgun and Rodriguez` diagnoses of multiple personality disorders. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Rodriguez to 30-months imprisonment.

☒   The court makes the following recommendations to the Bureau of Prisons:

   **The Court first recommends the FMC facility at either Springfield, MI, Rochester, NY or Devin, MA, or, secondarily recommends La Tuna Federal Correctional Institution, Anthony, New Mexico-Texas, if eligible.**

☒   The defendant is remanded to the custody of the United States Marshal.
☐   The defendant shall surrender to the United States Marshal for this district:
   ☐   at   on
   ☐   as notified by the United States Marshal.
☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐   before 2 p.m. on
   ☐   as notified by the United States Marshal
   ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Daniel Manuel Rodriguez**
Case Number: **1:11CR02158-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Daniel Manuel Rodriguez**
Case Number: **1:11CR02158-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in and successfully complete an outpatient substance abuse treatment program, approved by the probation officer, which may include testing. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing to be determined by the Probation Office.**

**The defendant must participate in an educational or vocational program as approved by the probation officer.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal substances, firearms, ammunition, and any other contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.**

**The defendant must participate in and successfully complete an outpatient mental health treatment program approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment to be determined by the Probation Officer.**

Defendant: **Daniel Manuel Rodriguez**
Case Number: **1:11CR02158-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐    The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A    ☒    In full immediately; or
B    ☐    $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Consistent with a stipulation in the Plea Agreement, the Defendant forfeits his rights, title, and interest in a Smith and Wesson, model 66, .357 magnum revolver, serial number BUF3580; and, five rounds of Winchester brand .357 ammunition.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.